UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV 17-8616-MWF (PLAx)                                    Date:  March 30, 2018
Title:     TD Optical Design, Ltd. v. DAC International, Inc., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

           Deputy Clerk:                          Court Reporter:
           Rita Sanchez                           Not Reported

           Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
           None Present                           None Present

**Proceedings (In Chambers):**   ORDER RE: DEFENDANT DAC INTERNATIONAL, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) [23]

Before the Court is Defendant DAC International, Inc.'s ("DAC International") Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) (the "Motion"), filed on February 12, 2018.  (Docket No. 23).  Plaintiff TD Optical Design, Ltd. ("TD Optical") filed an Opposition on March 5, 2018.  (Docket No. 29).  DAC filed a Reply on March 12, 2018.  (Docket No. 30).  The Court held a hearing on March 26, 2018.

For the reasons set forth below, the Motion is **GRANTED** and DAC's action against TD Optical and Chemat Technology, Inc. ("Chemat") is again **DISMISSED** *with prejudice*.  While TD Optical has shown that California state courts do not treat dismissals for failure to prosecute as decisions "on the merits" for res judicata purposes, they have failed to cite a single instance in which a federal court has dismissed an action with prejudice due to the plaintiff's failure to prosecute and/or failure to follow court orders, and subsequently entertained a lawsuit by the same plaintiff asserting the same claim(s) against the same defendant(s).  Absent controlling Ninth Circuit authority, or at the very least persuasive district court or out-of-circuit authority, this Court opts to give effect to its prior orders and to retain its ability to effectively manage its docket by applying federal res judicata law, as contemplated by the Supreme Court in *Semtek*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-8616-MWF (PLAx)             Date:  **March 30, 2018**
Title:      TD Optical Design, Ltd. v. DAC International, Inc., et al.

## I.  BACKGROUND

In December 2014, TD Optical and Brooklyn AC Delco, Inc. f/k/a AC Delco Cars, Inc. ("Brooklyn AC Delco") filed a complaint against DAC Vision North America, Inc. ("DAC Vision") and Chemat Technology, Inc. ("Chemat") in the Supreme Court of the State of New York, County of Kings (*i.e.*, the Brooklyn trial court). (Case No. 2:15-cv-5744-MWF-PLA ("Action 1"), Docket No. 1-2). TD Optical and Brooklyn AC Delco asserted breach of contract and breach of implied warranty claims, alleging essentially that they had purchased a digital lathe from DAC Vision for use in their optical lens manufacturing business, and that following DAC Vision's sale of the digital lathe product line to Chemat, DAC Vision and Chemat failed to adequately service/repair the digital lathe that TD Optical and Brooklyn AC Delco had purchased. (*See id. passim*). TD Optical and Brooklyn AC Delco were represented by Mikhail Ratner, an attorney based in New York City. (*See id.* at 11).

On March 13, 2015, DAC Vision removed the action to the United States District Court for the Eastern District of New York. (Action 1, Docket No. 1). On April 23, 2015, Chemat, a California corporation with its principal place of business in Northridge, filed a motion to dismiss for lack of personal jurisdiction, or in the alternative to transfer the case to the Central District of California. (Action 1, Docket No. 15). On July 21, 2015, the district court in New York granted Chemat's motion insofar as it ordered that the case be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a). (Action 1, Docket No. 33). Upon transfer, the case was assigned to this Court. (Action 1, Docket No. 36).

On September 8, 2015, Brandon Witkow, a Los Angeles-area attorney, appeared as local counsel for Brooklyn AC Delco and TD Optical. (Action 1, Docket No. 43). A few days later, the Court granted Mikhail Ratner's application to appear pro hac vice. (Action 1, Docket No. 49).

On September 29, 2015, Brooklyn AC Delco and TD Optical filed a Second Amended Complaint, this time naming DAC International (in place of DAC Vision) and Chemat as defendants. (Action 1, Docket No. 54). In an order dated March 21,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-8616-MWF (PLAx)                    Date:  March 30, 2018
Title:      TD Optical Design, Ltd. v. DAC International, Inc., et al.

2016, the Court granted DAC International's motion to dismiss the Second Amended Complaint with leave to amend as to the breach of contract claim and without leave to amend as to the breach of implied warranty claim.  (Action 1, Docket No. 77).

On April 4, 2016, Brooklyn AC Delco and TD Optical filed a Third Amended Complaint against DAC International and Chemat.  (Action 1, Docket No. 78).  In an order dated June 7, 2016, the Court granted DAC International's motion to dismiss (in which Chemat joined) without leave to amend with respect to Brooklyn AC Delco's breach of contract claim and denied it with respect to TD Optical's breach of contract claim, leaving TD Optical as the sole plaintiff.  (Action 1, Docket No. 86).  DAC International and Chemat answered the Third Amended Complaint on July 12, 2016.  (Action 1, Docket Nos. 94, 95).

On December 12, 2016, Brandon Witkow (TD Optical's local counsel) filed a motion to withdraw on the basis that TD Optical had not paid his law firm's bills for nearly a year and that both TD Optical and Mikhail Ratner (TD Optical's New York-based lead counsel) had not responded to Mr. Witkow's communications concerning the need to find replacement local counsel for several months.  (Action 1, Docket No. 104).

In an order dated January 17, 2017, following a hearing for which Mr. Ratner received notice but did not attend, the Court granted Mr. Witkow's motion to withdraw.  (Action 1, Docket No. 106).  The Court stayed the case until February 7, 2017, and (because corporate entities cannot participate in a lawsuit pro se) cautioned TD Optical that the case would be dismissed for failure to prosecute if a California-licensed attorney did not appear on its behalf by that date.  (*Id.*).

On February 7, 2017, Mr. Ratner filed an application for a 30-day continuance of the deadline to engage California counsel.  (Action 1, Docket No. 108).  In that application, Mr. Ratner indicated that he had "recently contacted a California-based firm, several of whose partners are admitted in the Central District of California," and that the "firm and its partners have expressed interest in coming in as local counsel, but need additional time to review this case and to be retained by the client [TD Optical]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-8616-MWF (PLAx)            **Date:** **March 30, 2018**
**Title:**     TD Optical Design, Ltd. v. DAC International, Inc., et al.

based in Ukraine." (*Id.*). In support of this assertion, Mr. Ratner attached email correspondence between himself and Peter Roldan, an attorney affiliated with a law firm called Emergent, PC (the "Emergent Firm") in which, on February 7, 2017, Mr. Roldan indicated that he was "interested in coming on board." (Action 1, Docket No. 108-2).

The Court granted Mr. Ratner's request for a continuance and directed TD Optical to retain California counsel by March 7, 2017. (Action 1, Docket No. 109).

On March 8, 2017, no California counsel having appeared on TD Optical's behalf and having received no further communications from Mr. Ratner, the Court dismissed Action 1 ***with prejudice*** based upon TD Optical's failure to obtain local counsel in violation of the Court's orders and Local Rule 83-2.2.2, and thus its failure (due to its inability, without California counsel) to prosecute its case. (the "March 8 Order") (Action 1, Docket No. 111).

On November 29, 2017, TD Optical commenced the present action against DAC International and Chemat, asserting a single breach of contract claim based upon Defendants' failure to adequately service/repair the digital lathe that TD Optical had purchased from DAC International. (Docket No. 1). Apart from the absence of Brooklyn AC Delco as a plaintiff and the breach of implied warranty claim, the Complaint in the present action is identical to the Third Amended Complaint in Action 1.

TD Optical is now represented by Peter Roldan of the Emergent Firm. Although Mikhail Ratner has not appeared on behalf of TD Optical, a review of the Emergent Firm's website reveals that Mr. Ratner is now a partner of the Emergent Firm. *See* http://emergent.law/ratn.

In light of the March 8 Order, DAC International moves to dismiss the present action on res judicata grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-8616-MWF (PLAx)            Date:  March 30, 2018
Title:     TD Optical Design, Ltd. v. DAC International, Inc., et al.

## II. DISCUSSION

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised ***or could have been raised*** in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks and citations omitted; emphasis in original). Under both federal and California law, a defendant arguing for dismissal of an action on res judicata grounds must show three things: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.*; *accord Consumer Advocacy Group, Inc. v. ExxonMobil Corp.*, 168 Cal. App. 4th 675, 685, 86 Cal. Rptr. 3d 39 (2008) (setting forth same three res judicata requirements).

The parties do not dispute the first and third res judicata elements; the claims (breach of contract relating to the service / repair of a digital lathe) and the parties (TD Optical as plaintiff, DAC International and Chemat as defendants) in Action 1 and the present case are unquestionably identical.

They disagree about whether the March 8 Order dismissing Action 1 with prejudice due to TD Optical's failure to retain local counsel, and thus its failure to prosecute, constitutes a "final judgment on the merits." DAC International, invoking Federal Rule of Civil Procedure 41(b) and authorities supporting the proposition that a dismissal "with prejudice" is "on the merits," argues that the dismissal of Action 1 was "on the merits." TD Optical, invoking California state law, which it contends this Court must apply in this diversity action, argues that a dismissal for failure to prosecute does not constitute a judgment "on the merits" and that it can thus proceed with this action.

The Court explicitly dismissed Action 1 "with prejudice" pursuant to Federal Rule of Civil Procedure 41(b). (March 8 Order at 4). Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 17-8616-MWF (PLAx)                                              Date:  March 30, 2018
Title:      TD Optical Design, Ltd. v. DAC International, Inc., et al.

>  dismissal not under this rule – except one for lack of
>  jurisdiction, improper venue, or failure to join a party under
>  Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Nothing in the March 8 Order "state[d] otherwise," and by including the words "with prejudice," the Court intended the March 8 Order to have res judicata effect. *See Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("'With prejudice' is an acceptable form of shorthand for 'an adjudication on the merits.'") (quoting 9 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure*, § 2373, at 396, n. 4 (1981)); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'") (internal citations omitted). Nonetheless, TD Optical argues that the March 8 Order does not have res judicata effect because California state courts do not consider dismissals for failure to prosecute to be "on the merits" for res judicata purposes, and -- in this diversity case -- this Court should treat the issue just as a California state court would treat it.

In *Semtek*, the plaintiff filed a complaint against the defendant in California state court alleging "various business torts;" the defendant removed the case to this District Court; and the district court dismissed the plaintiff's claims as barred by California's applicable two-year statute of limitations. *Semtek*, 531 U.S. at 499. The district court dismissed the claims "in [their] entirety on the merits and with prejudice." *Id.* (alteration in original). The plaintiff then sued the defendant in Maryland state court, hoping to take advantage of Maryland's three-year statute of limitations. *Id.* at 500. The Maryland state court dismissed the case on res judicata grounds, notwithstanding the plaintiff's argument that the dismissal here in the Central District should not actually be deemed "on the merits" despite the district court's language saying that it was on the merits. The plaintiff argued that it was a diversity case and California state courts do not deem dismissals on statute of limitations grounds to be "on the merits." *Id.*

---

**CIVIL MINUTES—GENERAL**                                                                                       6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-8616-MWF (PLAx)            Date: **March 30, 2018**
Title:     TD Optical Design, Ltd. v. DAC International, Inc., et al.

The Supreme Court held that, when determining the preclusive effect of the order of a federal court sitting in diversity jurisdiction, courts should look to "the law that would be applied by state courts in the State in which the federal diversity court sits." *Id.* at 508. The Court therefore held that "[b]ecause the claim-preclusive effect of the California federal court's dismissal 'upon the merits' of petitioner's action on statute-of-limitations grounds is governed by a federal rule that in turn incorporates California's law of claim preclusion (the content of which we do not pass upon today), the Maryland Court of Special Appeals erred in holding that the dismissal necessarily precluded the bringing of this action in the Maryland courts." *Id.* at 509.

The Court also made a point of noting that federal diversity courts need not apply state claim preclusion law "in situations in which the state law is incompatible with federal interests." *Id.* "If, for example, state law did not accord claim-preclusive effect to dismissals for willful violation of discovery orders, federal courts' interest in the integrity of their own processes might justify a contrary federal rule." *Id.* The Court also recognized that, regardless of how California state courts might treat a dismissal on statute-of-limitations grounds for res judicata purposes, the district court's dismissal "on the merits and with prejudice" at the very least "barred refiling of the same claim in the United States District Court for the Central District of California." *Id.* at 506.

TD Optical argues that "[a]lthough [this Court] dismissed the prior action with prejudice, '[i]t is well settled that, under California law, a dismissal for failure to prosecute is not a final judgment on the merits.'" (Opp. at 2) (quoting *Hardy v. America's Best Home Loans*, 232 Cal. App. 4th 795, 803, 181 Cal. Rptr. 3d 685 (2014)). *Hardy* is the principal case upon which TD Optical relies in its Opposition.

In *Hardy*, the plaintiff had, in 2009, filed an action against a number of entities that were involved in his mortgage refinance process in the United States District Court for the Eastern District of California. *Hardy*, 232 Cal. App. 4th at 798. He alleged that the defendants had violated the Real Estate Settlement Procedures Act of 1974 and also asserted some state law claims. *Id.* America's Best Home Loans ("America's Best"), among other defendants, moved to dismiss the plaintiff's claims. *Id.* at 799. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-8616-MWF (PLAx)                          Date:  March 30, 2018
Title:     TD Optical Design, Ltd. v. DAC International, Inc., et al.

district court dismissed the plaintiff's claims against America's Best without prejudice and directed the plaintiff to file a second amended complaint by October 5, 2009.  *Id.* Plaintiff failed to file a second amended complaint, and the district court dismissed the action against America's Best with prejudice pursuant to Rule 41(b).  *Id.* at 799-800.

Several months later, the plaintiff sued America's Best and other defendants in Superior Court, asserting California law claims based upon the same underlying mortgage-lending-related facts that were at issue in the federal action.  *Id.*  Just before trial in Superior Court, America's Best filed a motion for judgment on the pleadings, arguing that the plaintiff's claims against it were barred "under principles of collateral estoppel" in light of the federal district court's prior dismissal with prejudice.  *Id.* at 801.  The Superior Court granted America's Best's motion, concluding, *inter alia*, that the federal court's dismissal of the plaintiff's claims against America's Best pursuant to Rule 41(b) constituted a judgment "on the merits" that barred the plaintiff's present lawsuit against it.  *Id.* at 689.

The Court of Appeal reversed, first noting that, in light of *Semtek*, it was inappropriate to "simply look to rule 41(b) to determine whether dismissal of the federal action was an adjudication on the merits."  *Id.* at 805.  The Court of Appeal reasoned that, despite the fact that the federal district court had federal question jurisdiction over the prior action, "the district court's dismissal of the state law claims [against America's Best] is similar to a federal court's dismissal in a diversity action."  *Id.* at 806.  "Accordingly," the Court of Appeal held, "under *Semtek*, the preclusive effect of the district court's dismissal is determined under California law," which "does not bar this action because the federal action was not an adjudication on the merits." *Id.*

Pertinently, TD Optical fails to cite a single instance in which a federal district court has dismissed a lawsuit with prejudice based upon the plaintiff's failure to prosecute, and then subsequently entertained a second lawsuit by the very same plaintiff asserting the very same claim(s) against the very same defendant(s).  This Court has located no such case.

---

**CIVIL MINUTES—GENERAL**                                                        8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-8616-MWF (PLAx)                Date:  March 30, 2018
Title:   TD Optical Design, Ltd. v. DAC International, Inc., et al.

      TD Optical also fails to grapple with the Supreme Court's recognition in *Semtek* that, regardless of the res judicata effect of a federal diversity court's dismissal in "other courts," "the dismissal [with prejudice] in the present case bar[s] refiling of the same claim in the United States District Court for the Central District of California." *Semtek*, 531 U.S. at 506.

      And recognizing that the Supreme Court in *Semtek* left district courts free to disregard state res judicata law that is "incompatible with federal interests," TD Optical argues that "TD Optical's failure to comply with [this Court's] order [to retain local counsel within two months] does not rise to the level of a willful violation of a discovery order, which the Supreme Court in *Semtek* suggested as an example of a situation where not according claim-preclusive effect to an involuntary dismissal would conflict with federal interests." (Opp. at 3).  The Court disagrees.

      Like every district court, this Court has a strong interest in moving cases forward expeditiously and efficiently, ensuring that parties and their counsel proceed with a modicum of diligence and care, and giving effect to its own orders.  These are precisely the type of federal interests that are worthy of protection and that this Court declines to damage through the application of incompatible California law.  For example, a district court in this District previously declined to apply California law "that a dismissal for failure to prosecute … is not an adjudication on the merits" in a diversity action where the district court had dismissed previous action for failure to prosecute because "this is a case in which 'federal courts' interest in the integrity of their own processes … justif[ies] a contrary federal rule.'" *Tuitama v. Nationstar Mortgage LLC*, No. CV 14-09956 MMM (AGRx), 2015 WL 12744269, at *8 (C.D. Cal. April 13, 2015)(quoting *Semtek*, 531 U.S. at 509).

      Finally, during the hearing counsel for TD Optical suggested that TD Optical would be unable to take advantage of California state court jurisprudence regarding the res judicata effect of a dismissal for failure to prosecute because Defendants would simply remove any action brought by TD Optical in Superior Court, as they did after the case was filed in New York state court.  While the Court expresses no opinion on how the Superior Court might treat this lawsuit if TD Optical were to file it there, it

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-8616-MWF (PLAx)            Date:  **March 30, 2018**
Title:      TD Optical Design, Ltd. v. DAC International, Inc., et al.

questions TD Optical's contention that Defendants, both allegedly California corporations, could successfully remove an action from Superior Court.  *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances in which no defendant is a citizen of the forum state.")

      In sum, the Court's March 8 Order operated as an adjudication "on the merits" for res judicata purposes and bars TD Optical's present lawsuit.

### III.   CONCLUSION

      For the reasons discussed above, the Motion is **GRANTED** and this action is **DISMISSED** *with prejudice*.

      This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

      IT IS SO ORDERED.